IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JIMMY BOWMAN,

    Petitioner,

v.                                Civil Action No. 3:17CV161

HAROLD CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Jimmy Bowman, a Virginia inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite being given Roseboro[1] notice, Bowman has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 7) will be granted.

                    **I.    PROCEDURAL HISTORY**

**A.    State Proceedings**

Bowman pled guilty to possession of cocaine in the Circuit Court for the County of Prince George ("Circuit Court"). (ECF No. 9-1, at 1.) On August 5, 2014, the Circuit Court entered

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

final judgment and sentenced Bowman to an active sentence of six months of imprisonment. (Id. at 2.) Bowman did not appeal.

On July 30, 2015, Bowman filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (See ECF No. 9-5, at 1.) On February 10, 2016, the Supreme Court of Virginia dismissed the petition. (Id. at 2.)

B. Federal Habeas Petition

On January 24, 2017, Bowman placed his § 2254 Petition in the prison mail system for transmission to this Court. (ECF No. 1, at 15.) The Court deems the § 2254 Petition filed as of this date. See Houston v. Lack, 487 U.S. 266, 276 (1988). Bowman asserts that he is entitled to relief on the following ground:

> Claim One "RETAINED COUNSEL WAS INEFFECTIVE BY HIS ADVICE TO PLEAD GUILTY." (ECF No. 1-1, at 5.)

## II. ANALYSIS

A. Statute Of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B. **Commencement And Running Of The Statute Of Limitations**

Bowman's judgment became final on Thursday, September 4, 2014, when the time to file a notice of appeal expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C.

3

§ 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:3(a) (requiring that a notice of appeal be filed within thirty (30) days of the entry of judgment).

The statute of limitations began running on September 5, 2014. Three hundred and twenty-eight days of the limitation period expired before Bowman filed his state petition for a writ of habeas corpus on July 30, 2015. See 28 U.S.C. § 2244(d)(2). The statute of limitations began running again on February 11, 2016, the day after the Supreme Court dismissed Bowman's petition for a writ of habeas corpus. Three hundred and forty-eight additional days elapsed before Bowman filed his federal habeas petition on January 24, 2017. Because the limitation period ran for well over a year, the statute of limitation bars Bowman's § 2254 Petition.

C. Bowman's Allegations of Innocence

Although not expressly asserted by Bowman, Bowman suggests that the Court can examine the merits of his claim because he is actually innocent of the crime to which he pled guilty. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.") Nevertheless, as explained below, Bowman falls woefully short of establishing his innocence.

4

"Claims of actual innocence, whether presented as freestanding ones, see Herrera v. Collins, 506 U.S. 390, 417 (1993), or merely as gateways to excuse a procedural default, see Schlup v. Delo, 513 U.S. 298, 317 (1995), should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) (parallel citations omitted). Here, the Court reviews Bowman's assertion of innocence under the more lenient standard for gateway claims because Bowman's actual innocence claim would allow the Court to consider his otherwise time-barred claim. McQuiggin, 569 U.S. at 386.

A gateway claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id. If a petitioner meets the burden of producing new, truly reliable evidence of his innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327-28). The Court must determine "whether

'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (quoting Schlup, 513 U.S. at 327-28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." Hill v. Johnson, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997); Feaster v. Beshears, 56 F. Supp. 2d 600, 610 (D. Md. 1999)).

Here, the only evidence Bowman submitted was his own sworn declaration that he is innocent.[2] (ECF No. 1-3, at 1-3.) Bowman's post-conviction profession of innocence is "not 'trustworthy' and does not constitute 'reliable' evidence of innocence sufficient to support a claim of actual innocence." Carter v. Virginia, No. 3:09CV121-HEH, 2010 WL 331758, at *6 (E.D. Va. Jan. 26, 2010) (quoting Schulp, 513 U.S. at 324). "To accept such commonplace declarations would ignore the Supreme Court's admonition that the quality of evidence necessary to

---

[2] Bowman also submitted an unsigned "AFFIDAVIT OF ROBERT BAKER." (ECF No. 1-2, at 1.). In that typed document, Bowman suggests that Robert Baker was willing to testify that the drugs found at Bowman's residence belonged to Baker. This unsigned document does not constitute evidence, much less trustworthy and reliable evidence as required. See Mason v. Clark, 920 F.2d 493, 495 (8th Cir. 1990); cf. United States v. White, 366 F.3d 291, 302 (4th Cir. 2004) (observing that "unsworn statements in memoranda . . . do not constitute evidence").

support a claim of actual innocence 'is obviously unavailable in the vast majority of cases.'" Id. (quoting Schlup, 513 U.S. at 324). Accordingly, the Court rejects Bowman's assertion of actual innocence.

### III. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 7) will be granted. The § 2254 Petition will be denied and the action will be dismissed. The Court will deny a certificate of appealability.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Bowman and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 14, 2018